IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:07 cv 119

| | | |
|---|---|---|
| CHRISTOPHER WALTER ICKERT; MARY HAYES ICKERT; EVAN GARRETT ICKERT, a Minor, by his Guardian Ad Litem Christopher Walter Ickert; RYAN EDWARD ICKERT, a Minor, by his Guardian Ad Litem Christopher Walter Ickert; and NATIONWIDE MUTUAL INSURANCE COMPANY, as Subrogee of Christopher Walter Ickert, | ) ) ) ) ) ) ) ) ) ) ) | ORDER APPROVING MINOR SETTLEMENT PROVISIONS OF "REVISED STIPULATION FOR COMPROMISE SETTLEMENT WITH ICKERT PLAINTIFFS" |
| Plaintiffs | ) ) | |
| v | ) ) | |
| UNITED STATES OF AMERICA; TRAVIS BARRY ROLLINS and DAVID WINSTON THOMPSON, | ) ) ) ) | |
| Defendants. | ) | |

THIS CAUSE coming on to be heard before the undersigned pursuant to a motion filed by counsel for the plaintiffs entitled "Motion for Order Approving Minor Settlement" (#43); a hearing held pursuant to that motion on December 8, 2008; and, a Motion for Order Approving Minor Settlement Provisions of "Revised Stipulation for Compromise Settlement with Ickert Plaintiffs" (#47). On December 8, 2008, there appeared before the undersigned the plaintiffs, including the minor children Evan Garrett Ickert and Ryan Edward Ickert and their duly appointed guardian ad litem, Aubrey Edward Hayes. Arguments at that time were presented to the undersigned regarding the motion entitled "Motion for Order Approving Minor Settlement" (#43). After hearing arguments, the undersigned entered an Order (#46) on January 5, 2009

denying the motion. In the Order denying the motion, the undersigned set forth in detail various findings of fact and conclusions of law setting forth the reasons why the undersigned would not approve the settlement and also setting forth what this court would approve as a fair and reasonable settlement that would be in the best interest of Evan Garrett Ickert and that would be in the best interest of Ryan Edward Ickert. The parties have now presented to the undersigned a motion requesting that the court approve a Revised Stipulation for Compromise Settlement (#47). The undersigned has examined the motion and "Revised Stipulation for Compromise Settlement with Ickert Plaintiffs" (#47-2) that has been signed by all parties. From said examination it appears that the settlement that is now being proposed would be in the best interest of Evan Garrett Ickert and in the best interest of Ryan Edward Ickert and the court will approve such settlement.

From the records in this cause, the evidence that was presented on December 8, 2008 and the representations of the parties and their attorneys, the undersigned makes the following findings of fact and conclusions of law.

## FINDINGS OF FACT

1. This is a federal tort claim action brought by the individual plaintiffs for damages arising from personal injuries which the plaintiffs allege they sustained as a proximate result of the negligence of the defendants in a motor vehicle accident which occurred February 4, 2006 in Iredell County, North Carolina.

2. The plaintiffs, Christopher Walter Ickert and Mary Hayes Ickert, are

competent adults who are married to one another and who reside in Mecklenburg County, North Carolina. The minor children, Evan Garrett Ickert and Ryan Edward Ickert, are the children of the adult plaintiffs Christopher Walter Ickert and Mary Hayes Ickert. Both the minor plaintiffs appear in this action through their duly appointed guardian ad litem, Aubrey Edward Hayes who is the maternal grandfather of the minor plaintiffs.

3. On February 4, 2006, the plaintiffs Christopher Walter Ickert and his wife, Mary Hayes Ickert were traveling in a motor vehicle in the southbound lane of travel of Interstate Hwy 77 in Iredell County, North Carolina. Riding as a passenger in the vehicle was the minor plaintiff Evan Garrett Ickert who was born on January 31, 2005. On that date, Mary Hayes Ickert was pregnant with the minor child Ryan Edward Ickert who was born on February 4, 2006, shortly after the automobile accident occurred. As the Ickert family was traveling along Interstate Hwy 77, the vehicle which was being operated by Christopher Walter Ickert became involved in an automobile accident which resulted in personal injuries being sustained by his passengers Mary Hayes Ickert and Evan Garrett Ickert.

4. After the accident occurred, Evan Garrett Ickert was examined by Amy Mosley an EMT with the Iredell County EMS. In her examination, Ms. Mosley found an abrasion to the left neck and chin area of Evan Garrett Ickert. Evan was transported by Iredell County EMS to the Huntersville Presbyterian Hospital for treatment where he was examined by Dr. Thomas Brant. The medical records of treatment shows that Dr. Brant found that Evan had sustained an abrasion to his left neck. The records further show that the parents of Evan simply wanted the physician

to do a screening examination. Dr. Brant, after finding the abrasion, further found that Evan was not in any apparent pain. In making the examination that had been requested, the physician found that Evan was oriented and was suffering no acute distress. Evan was attentive and he was smiling. An examination of the anterior neck of Evan showed a small abrasion to the left side of his neck and a large abrasion to the right side of his neck which the physician gave his opinion was from the seatbelt which had embraced the car seat where Evan had been seated. After examining the minor child, the physician discharged him in good condition and stated that it was his clinical impression that the minor child had suffered an abrasion and a possible cervical strain.

5. Medical records of Ballantyne Pediatric Associates were presented showing treatment of Evan Garrett Ickert, both before the accident and after the accident. A detained examination of the records did not show there was any type of permanent injury suffered by Evan as a result of the injuries sustained by him in the accident. There was filed by plaintiffs' counsel copies of the medical bills and expenses incurred by Christopher Walter Ickert and Mary Hayes Ickert for the treatment of the injuries sustained by their minor child, Evan Garrett Ickert in the accident described in the plaintiffs' Complaint. The following is a listing of those medical bills and expenses:

| | |
|---|---:|
| Huntersville Presbyterian Hospital | $ 252.00 |
| Mid Atlantic Emergency | 175.00 |
| Iredell County EMS | 359.00 |
| Total | $ 786.00 |

The medical bills and expenses in the total amount of $786.00 incurred for the

4

treatment of the injuries of Evan Garrett Ickert were reasonably medically necessary for the proper treatment of his injuries and the amount of the bills and expenses for the services of Iredell County EMS, Mid Atlantic Emergency and Huntersville Presbyterian Hospital are each fair and reasonable in amount.

6. After the accident described in the plaintiffs' Complaint, Mary Hayes Ickert was transported to Huntersville Presbyterian Hospital. There, Mary went into labor. She was then immediately transported to Presbyterian Hospital in Charlotte, NC where, through cesarean section, Ryan Edward Ickert was born seven weeks premature. Plaintiffs' counsel has presented a complete copy of the medical records of treatment of Ryan at Presbyterian Hospital. Because he was born premature, Ryan was treated at Presbyterian Hospital for eighteen days immediately following his birth. The plaintiffs have produced as Exhibit "E" a letter from Dr. Traci Lamothe, MD of Ballantyne Pediatric Associates in which Dr. Lamothe gives her opinion that although being born seven weeks premature, Ryan has suffered and sustained no significant disabilities and it is her expectation that he will "continue to grow and develop well." The plaintiffs have also introduced as plaintiffs' Exhibit "G" (#43-10) a letter from Dr. Mark L. Bland of the Rankin Women's Center in Charlotte, North Carolina. Dr. Bland reviewed the medical records of Mary Hayes Ickert and as a result of an examination of those records, Dr. Bland gave his opinion that the premature birth and delivery of Ryan could have been caused by several factors. Those factors being: "(1) Her recent motor vehicle accident and possible small placental abruption; (2) the early chorioanmionitis noted on the pathology specimen;

5

or (3) it may be idiopathic." (#43-10) Idiopathic means: "rising spontaneously or from an obscure or unknown cause." Merriam Webster's Collegiate Dictionary, Tenth Edition. The medical bills and expenses incurred for the birth of Ryan Edward Ickert are as follows:

| | |
|---|---:|
| Presbyterian Hospital (Dr. Mark L. Bland) | $ 34,323.50 |
| Charlotte Eye Ear Nose & Throat | 215.00 |
| Pediatrix Medical Group of NC | 17,945.00 |
| Total | $ 52,483.50 |

The undersigned finds that the medical treatment incurred for the birth of Ryan Edward Ickert was reasonably medically necessary as a result of his premature birth and that the medical bills and expenses for that treatment were all fair and reasonable in amount. The undersigned cannot find that the medical bills and expenses were incurred as the result of any injury sustained by Ryan in the automobile accident while he was *en ventre sa mere*.

7. Mary Hayes Ickert was taken by Iredell County EMS to Huntersville Presbyterian Hospital and then on the same date transported further to Presbyterian Hospital in Charlotte, North Carolina. At the scene of the accident, Mary was examined by Amy Mosley an EMT with the Iredell County EMS. Ms. Mosely found that Mary's chief complaint, relating to any personal injuries that she may have suffered in the automobile accident was a request by Mary to be transported to the hospital for evaluation due to the thirty-three weeks gestation of her unborn child, Ryan. Mary advised that she had no pain but she did feel the child move within her body after the accident. Ms. Mosely noted no obvious injury to Mary. Mary incurred the following medical bills and expenses relating to the birth of Ryan Edward Ickert:

|   |   |
|---|---|
| Presbyterian Hospital (outpatient, lab and ambulance) | $ 2,064.00 |
| (hospitalization 2/4/06-2/8/06) | 11,832.80 |
| Huntersville Presbyterian Hospital (ER) | 2,321.80 |
| Mid Atlantic Emergency | 390.00 |
| Huntersville OB-GYN | 321.00 |
| Iredell County EMS | 422.00 |
| Parker Physical Therapy | 366.00 |
| Total | $ 17,717.60 |

The undersigned finds that the medical treatment incurred by Mary, as a result of the birth of Ryan, were reasonably medically necessary as a result of Ryan's premature birth and the medical bills and expenses for that treatment were all fair and reasonable in amount. The undersigned cannot find that the medical bills and expenses were incurred as a result of any injuries sustained by Mary in the automobile accident.

8. The plaintiff Christopher Walter Ickert was not injured in the accident described in the plaintiffs' Complaint and incurred no expenses for medical care or treatment.

9. At the time of the automobile accident on February 4, 2006, the plaintiff Christopher Walter Ickert maintained, through his employment, a group medical insurance policy through Anthem Blue Cross d/b/a Blue Cross of California. This entity provided hospitalization insurance coverage for Mary and Evan and further provided hospitalization insurance coverage relating to the birth of Ryan. Anthem Blue Cross d/b/a Blue Cross of California had contracted with Meridian Resource Company LLC to represent the insurance carrier in regard to a claim for subrogation that Anthem Blue Cross d/b/a Blue Cross of California wished to present in regard to any recovery that the plaintiffs might obtain in this cause. Meridian Resource

Company LLC contends that Anthem Blue Cross d/b/a Blue Cross of California is entitled to reimbursement and subrogation in the amount of $26,963.99 for medical bills it paid for the medical services rendered to Mary, Evan and Ryan. It does not appear that the plaintiffs' contest the right of subrogation of the hospitalization insurance carrier. Through negotiations by plaintiffs' counsel, Meridian Resource Company LLC has agreed to accept the sum of $11,900.00 as payment in full of all subrogation rights owed to Anthem Blue Cross d/b/a Blue Cross of California by any of the plaintiffs. All medical bills and expenses incurred by either Mary, Evan, or Ryan have been paid and satisfied in full except a bill owed to Iredell County EMS for services provided to Mary in the amount of $422.00 and a bill owed to Iredell County EMS for the services provided to Evan in the amount of $359.00.

10. Copies of all medical records and bills and expenses for the plaintiffs Mary Hayes Ickert, Evan Garrett Ickert and Ryan Edward Ickert have been examined by the court.

11. There has been presented to the court, by the parties, a document entitled Revised Stipulation for Compromise Settlement with Ickert Plaintiffs (#47-2). In the stipulation, it appears that the parties have agreed to settle and compromise the claims of the plaintiffs as follows:

(A) The United States of America agrees to pay to the plaintiffs the sum of Forty Five Thousand ($45,000.00) Dollars;

(B) The defendant Travis Barry Rollins agrees to pay to the plaintiffs the sum of Five Thousand ($5,000.00) Dollars;

(C) The defendant David Winston Thompson agrees to pay to the plaintiffs the sum of Seven Thousand Five Hundred ($7,500.00) Dollars

for a total settlement of Fifty Seven Thousand Five Hundred ($57,500.00). These payments are to be in full settlement and satisfaction of any and all claims, demands, rights and causes of action of whatsoever kind and nature arising from and by reason of any and all known and unknown, foreseen and unforeseen, bodily and personal injuries and the consequences thereof which the plaintiffs, including the minor plaintiffs, may have, or hereafter acquire against the defendants the United States of America, Rollins or Thompson, their agents, servants, or employees, on account of the automobile accident and the injuries therefrom as is described in the plaintiffs' Complaint and herein. This stipulation further provides that the payments shall not constitute an admission of liability or fault on the part of the defendants and the payments are being made for the purpose of compromising doubtful and disputed claims and avoiding the risks of litigation and expenses.

12. It has been agreed that the attorney fees for the services rendered by the attorney for the plaintiffs will be paid from the settlement amount, pursuant to 28 U.S.C. § 2678, the attorney fees of the plaintiffs in this matter, "shall not exceed twenty-five percentum (25%) of any settlement made pursuant to section 2677 of this title." Plaintiffs' attorney is also entitled to recover any advanced costs.

13. It appears from the Revised Stipulation of Compromised Settlement with Ickert Plaintiffs (#42-7) that payments of the sums described herein shall be made to the attorney for the plaintiffs and the proceeds of said settlement is proposed to be disbursed as follows:

| | |
|---|---|
| Total Settlement Amount: | $ 57,500.00 |

Deductions:
1. Ellis M. Bragg (attorney fees) — $ 14,375.00
2. Ellis M. Bragg (advanced costs): — 730.87
   (medical records, copying charges, scanning services, mediator fee, mileage)
3. Meridian Resource Company, LLC — $ 11,900.00
   (Anthem Blue Cross Subrogation)
4. Iredell County EMS: — 781.00
   Acct. #06-36629 (Mary, $422.00)
   Acct. #06-36631 (Evan, $359.00)

Total Deductions: $ 27,786.87

Disbursements to Plaintiffs:
1. Clerk of Superior Court of Mecklenburg County — $ 1,500.00
   (deposit for benefit of Evan Garrett Ickert pursuant to N.C.G.S. § 7A-11(a))
2. Clerk of Superior Court of Mecklenburg County — $ 2,500.00
   (deposit for benefit of Ryan Edward Ickert pursuant to N.C.G.S. § 7A-111(a))
3. Christopher Walter Ickert and Mary Hayes Ickert — $ 25,713.13
   (reimbursement for medical bills and expenses incurred for the treatment of their minor children and the treatment of Mary Hayes Ickert, and other damages)

Total Disbursements: $ 29,713.13

Total Deductions and Disbursements: $ 57,500.00

14. The undersigned has examined all medical bills and expenses incurred for the treatment of the injuries sustained by Evan Garrett Ickert. The medical bills and expenses for the treatment of his injuries are in the total amount of $786.00. It is the opinion of the undersigned that the claim of the minor child Evan Garrett Ickert for pain and suffering has a value in the sum of $1,500.00 and that sum is a fair and reasonable sum in payment for said pain and suffering and personal injuries and it would be in the best interest of the minor child that such sum be paid into the office

of the Clerk of Superior Court of Mecklenburg County, North Carolina. The Clerk of Superior Court of Mecklenburg County should further be ordered and directed to hold the sum of $1,500.00 upon interest and as provided by law and is to be disbursed to Evan Garrett Ickert upon his attaining the age of majority or upon such other appropriate court order that shall be entered in this cause.

15. The undersigned has examined all medical bills and expenses incurred for the treatment of the injuries sustained by Ryan Edward Ickert. The medical bills and expenses for the treatment of his injuries are in the total amount of $52,483.00. It is the opinion of the undersigned that the claim of the minor child Ryan Edward Ickert for pain and suffering has a value in the sum of $2,500.00 and that sum is a fair and reasonable sum in payment for said pain and suffering and personal injuries and it would be in the best interest of the minor child that such sum be paid into the office of the Clerk of Superior Court of Mecklenburg County, North Carolina. The Clerk of Superior Court of Mecklenburg County should further be ordered and directed to hold the sum of $2,500.00 upon interest and as provided by law and is to be disbursed to Evan Garrett Ickert upon his attaining the age of majority or upon such other appropriate court order that shall be entered in this cause.

16. The undersigned further finds that the payment of the remaining sums as set forth in the "Revised Stipulation of Compromised Settlement with Ickert Plaintiffs" (#42-7) and the disbursal therefrom would be in the best interest of the minor child Evan Garrett Ickert and the minor child Ryan Edward Ickert and those sums, when paid, pursuant to the terms of this Order shall be a full and final bar in

favor of the defendants against the plaintiffs, including the minor children Evan Garrett Ickert and Ryan Edward Ickert for any and all claims brought or which might have been brought on their behalf, including but not limited to pain and suffering and permanent injury and those sums, when paid pursuant to this Order shall be full and final bar in favor of the defendants against the plaintiffs for medical bills and expenses, loss of services or any other claim which the plaintiffs brought or might have brought as a result of any injuries sustained by the plaintiffs in the subject accident.

CONCLUSIONS OF LAW

1. The plaintiff Aubrey Edward Hayes is the duly appointed guardian ad litem for the minor children Evan Garrett Ickert and Ryan Edward Ickert and he is authorized to bring this action in this court which has jurisdiction over the parties and the subject matter of this action.

2. All parties are properly before the court that are necessary for the settlement of all claims for the personal injuries of the plaintiffs.

3. The undersigned concludes as a matter of law that the settlement of the claims of Evan Garrett Ickert for personal injury as provided for herein and including the payment of the sum of $1,500.00 to the Clerk of Superior Court of Mecklenburg County, NC to be held for the use and benefit of Evan Garrett Ickert are in the best interest of the minor child and it would be in the best interest of the minor child Evan Garrett Ickert that the payment of such sums be approved by this court in full settlement of all claims of Evan Garrett Ickert in this matter.

4. The undersigned concludes as a matter of law that the settlement of the claims of Ryan Edward Ickert for personal injury as provided for herein and including the payment of the sum of $2,500.00 to the Clerk of Superior Court of Mecklenburg County, NC to be held for the use and benefit of Ryan Edward Ickert are in the best interest of the minor child and it would be in the best interest of the minor child Ryan Edward Ickert that the payment of such sums be approved by this court in full settlement of all claims of Ryan Edward Ickert in this matter.

5. The undersigned further finds that the payment to Christopher Walter Ickert and Mary Hayes Ickert the sum of $25,713.13 which would include reimbursement for medical bills and expenses incurred for the treatment of their minor children Evan Garrett Ickert and Ryan Edward Ickert and for the treatment of Mary Hayes Ickert would be in the best interest of the minor children and that such sums be approved by this court in full settlement of all claims in this matter.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** as follows:

1. All terms and provisions of the parties' "Revised Stipulation for Compromise Settlement with Ickert Plaintiffs" (47-2) submitted to this court are hereby approved and are found to be in the best interest of the minor children Evan Garrett Ickert and Ryan Edward Ickert. The attorney for the plaintiffs is hereby authorized to accept and to disburse the total sum of Fifty Seven Thousand Five Hundred ($57,500.00) Dollars in the manner specified under the terms of the parties'

written "Revised Stipulation for Compromise Settlement of Ickert Plaintiffs". From that total settlement amount the attorney for the plaintiffs is hereby ordered and directed to pay to the Clerk of Superior Court of Mecklenburg County, NC the sum of $1,500.00 and that the Clerk of Superior Court is further ordered and directed to hold the sum of $1,500.00 upon interest as provided by law and is to be disbursed to Evan Garrett Ickert upon his attaining the age of majority or upon such other appropriate court order as shall be entered in this cause. Also, from that total settlement amount, the attorney for the plaintiffs is hereby ordered and directed to pay to the Clerk of Superior Court of Mecklenburg County, NC the sum of $2,500.00 and that the Clerk of Superior Court is further ordered and directed to hold the sum of $2,500.00 upon interest as provided by law and is to be disbursed to Ryan Edward Ickert upon his attaining the age of majority or upon such other appropriate court order as shall be entered in this cause.

2. At the appropriate time, the attorney for the plaintiffs shall dismiss with prejudice all claims of the plaintiffs which are pending in this action as provided in the "Revised Stipulation for Compromise Settlement with Ickert Plaintiffs".

3. The guardian ad litem and the plaintiffs Christopher Walter Ickert and Mary Hayes Ickert and the attorney for the plaintiffs are hereby authorized and directed to execute and deliver to the defendants or their representatives such documents as are necessary to implement the provisions of the parties' "Revised Stipulation for Compromise Settlement with Ickert Plaintiffs" (47-2), including but not limited to, covenants not to sue, and complete and final releases, waivers, and

discharges of and from any and all claims and demands of the minor plaintiff Evan Garrett Ickert and the minor plaintiff Ryan Edward Ickert by reason of the motor vehicle accident which is the subject of the plaintiffs' Complaint.

4. Two certified copies of this Order are to be prepared and presented to the Clerk of Superior Court of Mecklenburg County, NC so as to provide instruction to the Clerk as to the receipt and payment of the funds to be paid for the use and benefit of the minor children Ryan and Evan as directed herein.

Signed: February 2, 2009

Dennis L. Howell
United States Magistrate Judge